**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL ACTION NO. 11-281-MRB-JGW**

**BRANDON MEDLEY**                                                      **PLAINTIFF**

**V.**

**SOUTHERN OHIO CORRECTIONAL FACILITY, et al.**      **DEFENDANTS**

**REPORT AND RECOMMENDATION**[1]

On May 3, 2011 plaintiff Brandon Medley filed this civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that he was beaten by prison officials. Doc. 1. On May 12, 2011, United States Magistrate Judge Karen Litkovitz issued a deficiency order, noting that plaintiff had not submitted either an application and affidavit to proceed without prepayment of fees and a certified copy of his inmate trust fund account statement, or the $350 filing fee. Doc. 2. Judge Litkovitz ordered plaintiff to "submit an application and affidavit to proceed without prepayment of fees and a certified copy of his trust fund account statement (or institutional equivalent) or pay the full filing fee of $350 within thirty (30) days of the date of this Order." *Id.* at p. 1. Citing *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997), Judge Litkovitz stated that the Court would dismiss this action if plaintiff failed to comply with the deficiency order. *Id.*

The thirty-day period for plaintiff to comply with Judge Litkovitz's deficiency order has elapsed without plaintiff having responded in any manner. Thus, pursuant to the Sixth Circuit's instructions, the Court should presume plaintiff is not a pauper, assess the full filing fee, and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

dismiss the case for want of prosecution. *See, e.g., Gravitt v. Tyszkiewicz*, 14 Fed.Appx. 348, 349 (6th Cir. 2001); *In re Prison Litigation Reform Act*, 105 F.3d at 1132 ("If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution.").

Accordingly, it is **RECOMMENDED**:

The Court should presume plaintiff is not a pauper, assess the full $350 filing fee, and dismiss this case for want of prosecution.

This the 29th day of June, 2011.

s/ J. Gregory Wehrman
J. Gregory Wehrman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**AT CINCINNATI**
**CIVIL CASE NO. 11-281-MRB-JGW**

**BRANDON MEDLEY**                                                            **PLAINTIFF**

**V.**

**SOUTHERN OHIO CORRECTIONAL FACILITY, et al.**           **DEFENDANTS**

**NOTICE**

  Attached hereto is the Report and Recommendation of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).